VEVE ET AL. *v.* THE FAJARDO SUGAR GROWERS' ASSOCIATION.

APPEAL from the District Court of Humacao.

No. 737.—Decided October 25, 1911.

APPEAL—NOTICE OF JUDGMENT—TIME IN WHICH TO APPEAL.—While it is true that according to Act No. 70, approved March 9, 1911, amending, among others, section 299 of the Code of Civil Procedure, the time within which an appeal may be taken shall begin to run from the day on which the secretary files with the records a copy of the notice of the judgment which he is required to give to the defeated party or his attorney. Such notice is not necessary where the defeated party has filed a notice of appeal.

ID.—WAIVER OF NOTICE.—The service of notice is not a jurisdictional requisite and has been established only for the benefit of the party prejudiced by the judgment, therefore from the moment the latter files a notice of appeal he is considered notified and to have waived the right to a service of such notice.

DISMISSAL OF APPEAL—DOUBLE APPEAL.—It is proper to dismiss the second appeal taken from the same judgment which has already been appealed from because the second appeal is unnecessary.

ID.—ADDITIONS TO RECORD—PROOF OF A SECOND APPEAL.—It is pertinent to add
to the transcript of a second appeal proof to show that a former appeal
from the same judgment had been taken, that another statement of facts
relative to the first appeal was approved, and that both appeals are still
pending.

The facts are stated in the decision.

*Mr. Luis Muñoz Morales* for appellees.

*Messrs. José A. Poventud, Eduardo Acuña, H. S. Belaval,*
and *Arturo Aponte, Jr.,* for adverse party.

### DECISION.

The defendants and appellees in this case filed two mo-
tions in this court, one to attach to the transcript of the
record two certificates which accompanied the motion, and the
other, filed subsequently, to dismiss the appeal.

Both motions were heard on the same day and will be
disposed of in this decision.

In the suit which is the subject of this appeal the court
rendered a judgment on April 12, 1911, and, thereafter, in
the month of June, the plaintiffs requested that notice of
said judgment be served upon them by the secretary, which
was done on the 14th of the same month, and three days later
the plaintiffs filed their notice of appeal and the same forms
part of this record.

One of the additions which the appellees desire to make
consists of a certified copy of a notice of appeal which in this
same suit and from the same judgment the plaintiffs filed on
April 12, 1911—that is to say, on the same day on which the
judgment was rendered—and which is not included in this
record.

Such an addition is pertinent because it serves to show
that another appeal had already been taken and to deter-
mine whether or not the second appeal was necessary.

The other addition consists of a certain ruling of the court
below upon approving the statement of the case which is a
part of this record made on account of the objection of the

defendant to the approval of a second statement of facts and bill of exceptions.

This addition should also be allowed by us because it supplements the action of the court when approving the bill of exceptions included in this appeal.

The second motion relative to the dismissal of this appeal was accompanied by a certificate of the secretary of this court to show that there were filed in his office two appeals taken by the plaintiffs in the above-entitled suit in the District Court of Humacao from the same judgment of April 12, 1911, and that the hearing of both had been set.

It appears from the foregoing that the plaintiffs filed their notice of appeal on the same day that judgment was rendered and that subsequently they asked that notice of the judgment be served upon them by the secretary, that they then took a second appeal from the same judgment, and that to prosecute the same a second statement of the case was approved.

The second appeal was unnecessary because while it is true that according to the act of March 9 of the present year amending, among others, section 299 of the Code of Civil Procedure, the time within which an appeal may be taken shall begin to run from the day on which the secretary files with the records a copy of the notice of the judgment which he is required to give to the defeated party or his attorney; but such notice is not necessary, however, when the defeated party has filed his appeal.

This requisite of the service of notice by the secretary is not jurisdictional and has been established solely for the benefit of the party prejudiced by the judgment, wherefore from the moment that the latter files his notice of appeal he is considered to be notified and thereby to have waived his right to the service of such notice. (See citations in note 76, vol. 2, p. 799, of the Cyclopedia of Law and Procedure.)

For the reasons above stated we sustain the motion of the appellees to make certain additions to the transcript of this

appeal, and we also dismiss the second appeal taken by the plaintiff on June 17, 1911, from the judgment rendered in this case on April 12 of the present year by the District Court of Humacao, to which this decision should be communicated.

*Decided accordingly.*

Justices MacLeary, Wolf, del Toro, and Aldrey concurred.

Mr. Chief Justice Hernández did not take part in the decision of this case.